APR 1 2026 PM 12:23
FILED - USDC - FLMD - TPA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANTASIA SHAMARA HARVEY,

Plaintiff,

v.

TransUnion LLC

Defendant.

Case No. 8:26-CV-932-TPB-TGW

JURY TRIAL DEMANDED

## COMPLAINT FOR WILLFUL AND NEGLIGENT VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681 et seq.)

## I.    INTRODUCTION

1. COMES NOW Plaintiff Dantasia Shamara Harvey, proceeding pro se, and files this Complaint against Defendant TransUnion, LLC, and alleges as follows:



## II.    JURISDISCTION AND VENUE

2.  This Court has subject-matter jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331 because this action arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

3.  Venue is proper in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this District and a substantial part of the events giving rise to the claims occurred here.

## III.    PARTIES

4.  Plaintiff Dantasia Shamara Harvey is a natural person and a "consumer" as defined by 15 U.S.C. § 1681a(c). Plaintiff resides at 8525 N Semmes Apt B, Tampa, FL 33604, and her email address is Harvey.dantasia@yahoo.com.

5.  Defendant TransUnion, LLC is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f). Defendant regularly conducts business in the State of Florida and in this District.

## IV.    FACTUAL ALLEGATIONS

6.  Plaintiff routinely monitors her credit reports, including her TransUnion credit report, to ensure the accuracy of information being reported about her.

7.  On or around the end of November 2025, Plaintiff conducted a routine review of her

2

TransUnion credit report.

8. During this review, Plaintiff discovered multiple accounts being reported inaccurately by Defendant.

9. One inaccurate account was a Bank of America account ending in 552433807232xxxxx.

10. The Bank of America account was being reported with a late payment in March 2022.

11. The late payment in 03/2022 on the Bank of America account was inaccurate.

12. A second inaccurate account was a Comenity Capital Bank / Alphaein credit account ending in 778840206416xxx.

13. The Comenity Capital Bank / Alphaein account was reporting an inaccurate Date of First Delinquency of November 2023.

14. The accurate Date of First Delinquency for the Comenity Capital Bank / Alphaein account was October 2023.

15. By reporting the Date of First Delinquency as November 2023 instead of October 2023, the account was improperly re-aged.

16. The re-aging of the Comenity Capital Bank / Alphaein account extended the time the negative information could remain on Plaintiff's credit report beyond the allowable period under the FCRA.

17. A third inaccurate account was a Vance and Huffman collection account.

18. The Vance and Huffman collection account does not belong to Plaintiff.

19. Upon discovering these inaccuracies, Plaintiff immediately took steps to dispute them with Defendant.

20. Plaintiff disputed the inaccurate information via certified mail.

21. The certified mail tracking number for the initial dispute was 9590 9402 9143 4225 5559

22. The initial dispute clearly notified Defendant of the specific inaccuracies in the three

3

accounts identified above.

23. Plaintiff provided Defendant with sufficient information to conduct a proper reinvestigation.

24. Shortly after receiving Plaintiff's certified-mail dispute, Defendant TransUnion responded in December 2025.

25. In its December 2025 response, Defendant stated that everything was "verified."

26. Despite the dispute, Defendant did not update, correct, or delete any of the inaccurate information from Plaintiff's credit file.

27. Defendant's response was limited to a verification based solely on the furnishers' internal records.

28. Defendant did not conduct an independent investigation of the disputed information.

29. Plaintiff then sent a second dispute to Defendant via certified mail.

30. The second dispute included an ACDV request, a demand for method of verification, and a formal demand letter.

31. Plaintiff will provide the tracking number for the second certified-mail dispute in discovery.

32. The second dispute again put Defendant on notice of the specific inaccuracies and demanded a proper reinvestigation.

33. Defendant responded to the second dispute with the same response as before.

34. Defendant again stated the information was "verified" and made no changes to the credit report.

35. As a direct result of Defendant's failures, Plaintiff has suffered credit loss.

36. The inaccurate reporting has caused Plaintiff severe damage to her creditworthiness.

37. Plaintiff has suffered severe emotional distress as a direct result of Defendant's actions.

38. Plaintiff has experienced emotional anguish as a direct result of Defendant's actions.

39. The ongoing inaccurate reporting continues to cause Plaintiff emotional distress.

4

40. Defendant knew or recklessly disregarded its obligations under the FCRA to assure maximum possible accuracy of the information in Plaintiff's consumer report.

41. Defendant knew or recklessly disregarded its obligations under the FCRA to conduct a reasonable reinvestigation of Plaintiff's disputes.

42. Defendant's repeated pattern of merely "verifying" disputed information without proper reinvestigation demonstrates a willful or reckless disregard for Plaintiff's rights under the FCRA.

## V.    CAUSES OF ACTION

## COUNT I: Violation of 15 U.S.C. § 1681e(b) (Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy)

43. Plaintiff re-alleges and incorporates paragraphs 1–41 as if fully set forth herein. Defendant violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of the information in Plaintiff's consumer report.

## COUNT II: – Violation of 15 U.S.C. § 1681i (Failure to Conduct a Reasonable Reinvestigation)

44. Plaintiff re-alleges and incorporates paragraphs 1–41 as if fully set forth herein. Defendant violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation of the disputed information after receiving Plaintiff's disputes, and by failing to delete or modify the inaccurate information.

5

## COUNT III– Willful Violation – 15 U.S.C. § 1681n

45. Plaintiff re-alleges and incorporates paragraphs 1–41 as if fully set forth herein. Defendant's violations were willful or in reckless disregard of Plaintiff's rights under the FCRA, entitling Plaintiff to statutory damages, actual damages, and punitive damages.

## COUNT IV: – Negligent Violation – 15 U.S.C. § 1681o

46. Plaintiff re-alleges and incorporates paragraphs 1–41 as if fully set forth herein. In the alternative, Defendant's violations were negligent, entitling Plaintiff to actual damages.

## VI.    PRAYER FOR RELIEF

47. WHEREFORE, Plaintiff respectfully prays for judgment as follows:

a. Actual damages in an amount to be determined at trial;

b. Statutory damages of $1,000 per violation pursuant to 15 U.S.C. § 1681n;

c. Punitive damages pursuant to 15 U.S.C. § 1681n;

d. Costs and reasonable attorney's fees (if applicable) pursuant to 15 U.S.C. § 1681n and § 1681o;

e. Such other and further relief as the Court deems just and proper.

## VII.  JURY DEMANDS

48. Plaintiff demands a trial by jury on all issues so triable.

4/1/26

Respectfully submitted,

/s/ Dantasia Shamara Harvey

DANTASIA SHAMARA HARVEY

Pro Se

8525 N Semmes Apt B

Tampa, FL 33604

Email: Harvey.dantasia@yahoo.com

April 1, 2024

JA'LIZZA CLARK
MY COMMISSION # HH 338680
EXPIRES: December 6, 2026

7